IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH MACASTLE JACKSON, )<br>)<br>Petitioner, )<br>)<br>vs.   )<br>)<br>MARK BOWEN, )<br>)<br>Respondent. ) | No. CIV-22-83-C |

ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner filed the present action pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Shon T. Erwin, who entered a Report and Recommendation ("R&R") on March 14, 2022, recommending the Petition be dismissed. Petitioner has timely objected.

In light of Petitioner's Objection to the R&R, the Court has considered the matter de novo. After that review, the Court finds the substantive facts and law are accurately set out in Judge Erwin's R&R and there is no purpose to be served in repeating them yet again. However, the Court will address two issues raised by Petitioner. First, Petitioner objects to Judge Erwin's determination that his claims must be brought pursuant to 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241. As Judge Erwin properly explained in the R&R, Petitioner's claims seek to challenge the subject matter jurisdiction of the trial court. The Tenth Circuit has clearly stated that such challenges must be brought pursuant to § 2254. Because Petitioner's claims must be pursued under § 2254, he must obtain a Certificate of Appealability ("COA") from the Tenth Circuit before this Court can consider the claims. See 28 U.S.C. § 2244(b)(3)(A). Petitioner's Objection does not address this issue other than to argue no COA

is required to prosecute a § 2241 action. However, as set forth above, Petitioner's action can only be brought pursuant to § 2254 and therefore, a COA is required. Thus, the present action must be dismissed without prejudice, as the Court lacks jurisdiction to consider it.

Liberally construed, Petitioner's Objection could be read to challenge Judge Erwin's recommendation that this case should be dismissed rather than transferred to the Tenth Circuit. The Court finds no merit in this argument. As Judge Erwin noted in the R&R, the Tenth Circuit has held that McGirt v. Oklahoma, --- U.S. ---, 140 S.Ct. 2452 (2020), did not establish a new rule and that it was not made retroactive. See In re Morgan, Case No. 20-6123 (10th Cir. Sept. 18, 2020). Thus, transfer would not be an efficient use of judicial resources as the Circuit would reject Petitioner's argument.

Petitioner has also filed a request for Appointment of Counsel and a Request for Hearing. As the Court lacks jurisdiction to consider the claims raised by Petitioner, neither request has merit and each will be denied.

As set forth more fully herein, the Court adopts, in full, the Report and Recommendation of the Magistrate Judge (Dkt. No. 12). Petitioner's Motion to Appoint Counsel (Dkt. No. 4) and Request for Hearing (Dkt. No. 14) are DENIED. A separate judgment will issue.

IT IS SO ORDERED this 12th day of April 2022.

ROBIN J. CAUTHRON
United States District Judge