IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JOSEPH MACASTLE JACKSON,          )
                                  )
                    Petitioner,   )
                                  )
        vs.                       )          No. CIV-22-83-C
                                  )
MARK BOWEN,                       )
                                  )
                    Respondent.   )

**O R D E R**

Petitioner has filed a Motion for Certificate of Appealability ("COA") seeking to appeal from the Court's April 12, 2022, Order and Judgment which dismissed his 28 U.S.C. § 2254 Petition.   Absent a COA, Petitioner cannot appeal the Order and Judgment.   See 28 U.S.C. § 2253(c)(1)(A); Montez v. McKinna, 208 F.3d 862, 869 (10th Cir. 2000) (holding that § 2253(c)(1)(A) requires a state prisoner to obtain a COA regardless of whether he is seeking relief under § 2254 or under § 2241).

Petitioner is entitled to a COA only upon making a substantial showing of the denial of a constitutional right.   See 28 U.S.C. § 2253(c)(2).   Petitioner can make such a showing by demonstrating that the issues he seeks to raise are deserving of further proceedings, debatable among jurists of reason, or subject to different resolution on appeal. See Slack v. McDaniel, 529 U.S. 473, 483 (2000) ("[W]e give the language found in § 2253(c) the meaning ascribed it in Barefoot [v. Estelle, 463 U.S. 880, 893 (1983)], with due note for the substitution of the word 'constitutional.'").   "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 484.

Here, Petitioner has failed to offer any basis for reasonable debate.   As the Report and Recommendation of the Magistrate Judge made clear, Petitioner's case cannot proceed, as his claims are clearly second or successive.   This determination is not reasonably debatable and, as the Court noted in adopting the Report and Recommendation, warrants no discussion or analysis, as the Magistrate Judge thoroughly and correctly addressed the issues.   Accordingly, Petitioner's request for a COA is denied.

Petitioner has also filed an application to proceed in forma pauperis on appeal. Although 28 U.S.C. § 1915(b) does not apply to habeas actions, see McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997) (holding Prison Litigation Reform Act inapplicable to habeas and § 2255 actions and appeals), both § 1915(a)(1) and (a)(3) do apply to a habeas appeal.   Accordingly, a petitioner must show that the appeal is taken in good faith and that he lacks the financial ability to pay the required fees.   See id.

Having reviewed the motion, the Court finds that Petitioner has not presented a reasoned, nonfrivolous argument on appeal and that the appeal is not taken in good faith. Thus, he is not entitled to prosecute his appeal without payment of the filing and docketing fees.

Petitioner has also filed a Motion for Appointment of Counsel to assist him with his appeal.   Because the Court has denied Petitioner a COA, no appeal will occur.   Thus, there is no need for counsel.   The Motion will be denied.

2

As set forth more fully herein, Petitioner's Motion for Certificate of Appealability (Dkt. No. 17) and request to proceed IFP (Dkt. No. 20) are DENIED.   Likewise, Petitioner's Motion for Appointment of Counsel (Dkt. No. 19) is DENIED.   Petitioner is advised that unless the $5.00 appellate filing fee and the $500.00 docket fee are paid in full to the Clerk of this Court within 20 days of the date of this Order, the action may be subject to dismissal by the appellate court.

IT IS SO ORDERED this 29<u>th</u> day of April 2022.

ROBIN J. CAUTHRON
United States District Judge